**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Buckner-Larkin, <br><br> Plaintiff, <br><br> vs. <br><br> Michael J. Astrue, Commissioner of Social Security, <br><br> Defendant. | No. CV-08-1500-PHX-JAT <br><br> **ORDER** |

Plaintiff Rebecca Buckner-Larkin filed this action under 42 U.S.C. § 405(g) to seek judicial review of Defendant's denial of her request for social security disability benefits. (Doc. # 1.) This appeal has been fully briefed. (Doc. # 16, 21, 25.)

**I.  Background**

Plaintiff filed an application for her Disability Insurance Benefits (DIB) on March 21, 1994 alleging an onset date of disability of February 16, 1994. (Record Transcript (Tr.) 171.) Her date of last insurance is December 31, 1995. (Tr. 560, 720.) On July 26, 1996, an Administrative Law Judge (ALJ) denied benefits. (Tr. 532.) Plaintiff appealed the decision, and on February 5, 1998 the Appeals Council remanded the case to the ALJ. (Tr. 556.) The ALJ denied the claim again and the Appeals Council denied the request for review. (Tr. 8, 13.) Plaintiff filed a complaint for judicial review and on December 5, 2002, the District Court remanded the matter for further administrative proceedings. (Tr. 678, 826-27.) On

September 19, 2006, the ALJ again denied the claim. (Tr. 719.) The Appeals Council affirmed. (Tr. 638.) Plaintiff filed this Complaint on August 14, 2008. (Doc. # 1.) Plaintiff's Opening Brief asks this Court to review and vacate the decision of the ALJ and remand for an award of benefits. (Doc. # 16.) Defendant's Answering Brief argues that the decision of the ALJ/Commissioner denying benefits should be affirmed, but, alternatively, if this Court does not affirm, that any remand should be for further development of the record and not for an award of benefits. (Doc. # 21.) Plaintiff also filed a Reply. (Doc. # 25.)

## II. Discussion

Generally, this Court should not set aside a denial of benefits unless the ALJ's denial was based on legal error or if the ALJ's findings of fact are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Id.*; *see also Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Reddick*, 157 F.3d at 720.

In determining whether there is substantial evidence to support a decision, this Court considers the record as a whole, weighing both the evidence that supports the ALJ's conclusions and the evidence that detracts from the ALJ's conclusions. *Id.* If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990); *see also Bayliss*, 427 F.3d at 1214 n.1 ("If the record would support more than one rational interpretation, we defer to the ALJ's decision."). Additionally, the ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before this Court, substantial evidence supports the ALJ's decision, this Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g).

Under the Social Security Act, a "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423 (d)(1)(A). An individual is determined to be under a disability if, "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423 (d)(2)(A); *Reddick*, 157 F.3d at 721. If the claimant shows that he or she is unable to perform past relevant work, the burden shifts to the Commissioner to show that the claimant "can perform other substantial gainful work that exists in the national economy." *Reddick*, 157 F.3d at 721.

The ALJ determines an applicant's eligibility for benefits by deciding the applicant's status with respect to each of the following steps in the sequential evaluation process:

1. is the applicant currently engaged in "substantial gainful activity;"
2. does the applicant have a "medically severe impairment or combination of impairments;"
3. does the applicant's impairment equal one of a number of listed impairments that the Commissioner acknowledged as so severe as to preclude the applicant from engaging in substantial gainful activity;[1]
4. if the applicant's impairment does not equal one of the "listed impairments," is the applicant capable of performing his or her past relevant work;

---

[1] If step 3 is answered affirmatively, that the applicant meets or equals the severity requirements of a listed impairment, then the applicant is conclusively deemed to be disabled and the sequential evaluation process ends. 20 C.F.R. § 404.1520(a) and (d).

1       5.     if the applicant is not capable of performing his or her past relevant work, is the applicant able to perform other work in the national economy considering his or her age, education, and work experience.

*See Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987) (citing 20 C.F.R. §§ 404.1520(b)-(f)). As stated above, in analyzing step five, the burden shifts to the Commissioner. "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999)); *see also* 20 C.F.R. § 416.920(f). "If the Commissioner meets his burden, the claimant has failed to establish disability." *Thomas*, 278 F.3d at 955.

Plaintiff argues that the ALJ's decision is not supported by substantial evidence and is founded on multiple errors of law. Specifically, Plaintiff asserts that the ALJ committed reversible error by: (1) improperly assessing Plaintiff's residual functioning capacity; (2) improperly discounting the opinion of Plaintiff's treating physician; (3) improperly discounting Plaintiff's subjective testimony; and (4) improperly relying on the vocational expert's testimony. (Doc. # 16 at 31-45.) The Court will consider each of these alleged errors in turn.

### A. Assessment of Plaintiff's Residual Functional Capacity

Plaintiff claims that the ALJ's assessment of Plaintiff's residual function capacity (RFC) fails both to set forth a function-by-function analysis and to take into account Plaintiff's pain and the side effects associated with her pain medication.

Generally, an ALJ must provide a function-by-function assessment of a claimant's ability to engage in work-related activities and appropriate rationale with specific reference to evidence of the record in support of the assessed limitations. 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96-8p. The ALJ must assess ability to perform past relevant work (step four), or, in the alternative and considering her vocational profile (age, education, and past work experience) and RFC, the ability to do other work that exists in significant

numbers in the national economy (step five). *Id.* The ALJ found that Plaintiff could perform:

> a range of work at the sedentary exertional level with the ability to stand and walk up to four hours per day with the need for a sit-stand option and the ability to occasionally climb, balance, stoop, kneel, crouch and crawl with preclusion from climbing on ladders, ropes and scaffolds. In addition, [Plaintiff] has mild (up to 15%) limitation in the ability to maintain concentration, persistence and pace secondary to chronic pain and pain medication.

(Tr. 721.) Plaintiff claims that this detailed RFC finding was not specific enough. Plaintiff argues that the ALJ ought to have included specific sitting and lifting/carrying restrictions (Doc. # 16 at 33) and that the ALJ should have not expressed the RFC by using the exertional category term "sedentary" (Doc. # 16 at 34).

Considering Plaintiff's second argument first, SSR 96-8p sets forth a requirement that step four RFC assessments "must not be expressed initially in terms of the exertional categories of 'sedentary,' 'light,' 'medium,' 'heavy,' and 'very heavy' work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it." (Doc. # 16 at 34 (quoting SSR 96-8p).) However, at step five of the sequential review, SSR 96-8p provides that the "RFC *must* be expressed in terms of, or related to, the exertional categories . . . ." SSR 96-8p (emphasis added). As the ALJ clearly found that Plaintiff could not perform any of her past relevant work (Tr. 724), the ALJ expressed the RFC correctly.[2]

---

[2] The Court is troubled by Plaintiff's citation to *Shafer v. Astrue*, 518 F.3d 1067, 1070 (9th Cir. 2008). Plaintiff claims that in that case, "[t]he Ninth Circuit . . . held that it is legal, reversible error to express a functional capacity in terms of category of work." (Doc. # 25 at 2.) The only holding in *Shafer* concerns the recovery of attorney's fees, yet Plaintiff characterized it as a holding at odds with both 20 C.F.R. § 404.1545 and Social Security Ruling (SSR) 96-8p.

1 Further, the ALJ's reference to "sedentary," according to the *Dictionary of Occupational Titles* (*DOT*), indicates a functional requirement lifting no more than 10 pounds at a time and occasional carrying objects such as docket files, ledgers or small tools. 20 C.F.R. § 404.1567(a) (2005). Thus the RFC, assesses Plaintiff's ability to lift and carry.

Plaintiff argues that the ALJ failed to state the frequency and length of time Plaintiff would need to be able to stand. (Doc. # 16 at 33.) The ALJ did not explicitly clarify that the "sit-stand option" in the RFC was "at-will" as indicated by the vocational consultant. (Tr. 721, 1295-96.) However, this Court will construe that phrase in accordance with its meaning in this record and an at-will sit-stand option is specific enough to satisfy the function-by-function requirement and SSR 96-8p.

Plaintiff also claims that the RFC does not account for Plaintiff's pain and pain medication. (Doc. # 16 at 34.) But the ALJ expressly included a limitation based on such factors. (Tr. 721.) Even if this Court believed that these factors create something greater than a "mild (up to 15%) limitation," it is not the role of this court to substitute its own view for that of the ALJ when the ALJ's position is supported by substantial evidence. *Young v. Sullivan*, 911 F.2d at 184. Thus, the ALJ provided an RFC that was both sufficiently detailed on a function-by-function basis and included consideration of all relevant limitations. The Court will not reverse the finding of no disability on this basis.

### B. Opinion of Treating Physician

Generally, an ALJ must give a treating physician's opinion greater weight than other opinions unless the ALJ gives specific and legitimate reasons for failing to give the treating physician's opinion greater weight. *See Rollins v. Massanari*, 261 F.3d 835, 856 (9th Cir 2001) (finding that an opinion from a treating physician may be rejected for specific and legitimate reasons). However, although the treating physician's opinion is entitled to greater weight, "[t]he opinion of a treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600-601 (9th Cir. 1999). The more evidence presented by the

physician in the form of signs or laboratory findings, the more weight and credence the ALJ will give to the opinion. 20 C.F.R. § 404.1527(d)(3).

In this case, Plaintiff argues that the ALJ erred in not crediting the opinion of her treating physician, Dr. Maestas, that Plaintiff could perform less than sedentary work. (Doc. # 16 at 4-7.) The ALJ detailed why he did not credit Dr. Maestas' opinion in full. (Tr. 722.) First, the ALJ noted that Dr. Maestas' assessment contained internal inconsistencies relating to the amount of time Plaintiff could perform activities such as sitting, standing and walking. (Tr. 441, 722.) Specifically, Dr. Maestas' opinion indicated that Plaintiff could sit, walk and stand longer at one time than she could cumulatively over the course of the day. Internal inconsistency of medical reports is a valid basis upon which to reject a treating physician's opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Even if Plaintiff is correct that Dr. Maestas' error is due to a mere "clerical mistake," the ALJ would still be justified in allowing it to limit the credibility of the opinion.

Second, the ALJ stated that he gave limited weight to Dr. Maestas' opinion because the treatment was provided to Plaintiff in the context of a workers' compensation claim (Tr. 722); *see Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996) (ALJ permitted to weigh a doctor's opinion in light of the manner in which it was solicited).

Third, the ALJ noted that Dr. Maestas had proscribed narcotic pain medication in amounts that other treating and examining physicians found to be excessive. (Tr. 722.)

Finally, the ALJ explained that he believed Dr. Maestas' limitations were inordinately based on Plaintiff's subjective complaints, which the ALJ found to be less than fully credible. (Tr. 722); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (the ALJ can choose not to rely on a treating physician's opinion that is based solely on Plaintiff's subjective complaints and not on objective medical data).

Again, this Court is not charged with reviewing the evidence and makings its own judgment as to whether Dr. Maestas' opinion should be given controlling weight when there is sufficient evidence to support the ALJ's decision. *See Young v. Sullivan*, 911 F.2d at 184.

1 Additionally, the ALJ is responsible for resolving conflicts in medical testimony, determining
2 credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d at 1039. Thus, this
3 Court must only determine whether the ALJ gave specific and legitimate reasons for not
4 giving Dr. Maestas' opinion controlling weight. This Court finds that the four reasons
5 detailed by the ALJ and recounted above are specific and legitimate and the Court therefore
6 will not reverse the ALJ's decision on this basis.

### C.     Plaintiff's Subjective Complaints of Pain

Plaintiff further claims that this Court should reverse the ALJ's denial of benefits because the ALJ failed to properly weigh Plaintiff's subjective complaint testimony. (Doc. # 16 at 39.) The ALJ found Plaintiff's subjective complaints credible only to a limited extent. (Tr. 723.) In deciding whether to accept subjective complaints, the ALJ must perform the analysis adopted in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986) as a threshold matter. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under *Cotton*, the claimant who bases disability on subjective complaints must: (1) produce objective medical evidence of an underlying impairment (but not of the pain or fatigue), and (2) must show that the impairment or combination of impairments reasonably could "produce some degree of symptom." *Id*. at 1281-82. The latter prong of the test does not require evidence of a causal relationship between the medically determinable impairment and the alleged symptom or that the impairment could reasonably be expected to produce the severity of symptom alleged. *Id*. at 1282. "If the claimant produces evidence to satisfy the *Cotton* test and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1281.

In arguing how the ALJ improperly discounted Plaintiff's subjective complaint testimony, Plaintiff does not apply the *Cotton* test. Instead, Plaintiff argues that the test is "absent evidence of malingering, the ALJ cannot reject the claimant's testimony about the severity of the symptoms unless there is a finding of specific, clear and convincing reasons

1 for doing so." (Doc. # 16 at 39-40.) Defendant also does not apply the *Cotton* test. Instead
2 Defendant argues that the ALJ made specific credibility findings supported by the record.
3 (Doc. # 21 at 6.) This seems to be an argument that both: 1) there was evidence of no-
4 credibility/malingering (which would mean clear and convincing reasons were not required),
5 or 2) even if specific, clear and convincing reasons were required, the ALJ provided such
6 reasons. Thus, for purposes of this Order, the Court will assume that Plaintiff satisfied the
7 two prongs of the *Cotton* test.

### i. Malingering

The main finding by the ALJ that relates to malingering is that Plaintiff's recounted present daily activities are inconsistent with her description of her alleged disability. (Tr. 723); *see e.g. Thomas v. Barnhart*, 278 F.3d 948, 958-59 (9th Cir. 2002) (the ALJ properly considered performing household chores as evidence weighing against plaintiff's credibility on her claim that she was in disabling pain)*; Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (daily activities such as caring for young children and performing household chores undermined claims of totally disabling pain).

Here, the ALJ found that Plaintiff lives independently, taking care of her own personal needs, some light housework, cooking, shopping, reading, watching television and sewing. (Tr. 428-31; 723.) This Court agrees that the record supports a conclusion that Plaintiff's symptoms were not as severe as she claimed.

Thus, the Court finds that there is evidence in the record to support an exaggeration of symptoms sufficient to equate to malingering. As a result, the ALJ was not required to give specific, clear and convincing reasons for not crediting Plaintiff's claims of pain.

### ii. Specific, Clear and Convincing Reasons

Alternatively, if the inconsistencies regarding Plaintiff's pain were insufficient to rise to the level of malingering, this Court finds that the ALJ offered specific, clear and convincing reasons for rejecting Plaintiff's testimony about the severity of her symptoms.

First, as recounted above, the ALJ specified how Plaintiff's statements to her doctors about the severity of her limitations were inconsistent with Plaintiff's daily activities. (Tr. 723.)

Second, the ALJ specified that the objective evidence did not support Plaintiff's allegations of extreme limitation. (Tr. 723); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (finding that the ALJ can consider the medical evidence as part of the credibility analysis). The ALJ summarized the medical evidence noting that Plaintiff had no residual effects from her 1986 mandible and pelvic fractures, her high blood pressure was fairly well controlled, she was often found neurologically intact, and that Dr. Temple testified that the objective medical findings did not warrant functional limitations beyond those he asserted. (Tr. 721-23.) The ALJ also noted Plaintiff's conservative treatment (Tr. 722-23) which is a basis to find a claimant not credible. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment).

Thus, alternatively, the Court finds that the ALJ articulated specific, clear and convincing reasons for not crediting Plaintiff's subjective complaints about the severity of her symptoms. Therefore, the Court will not reverse the ALJ on this basis.

### D.      Reliance on Vocational Expert's Testimony

Plaintiff claims that the ALJ's decision is not in accord with the vocational expert's testimony or the *DOT*. (Doc. # 16 at 42.) This is based on two separate objections. The first is a restatement of the complaint that the RFC is not sufficiently detailed, which was examined above.

Plaintiff contends that the ALJ blindly accepted the vocational consultant's testimony that contradicted the *DOT*. Specifically, the vocational consultant testified that although the two cited unskilled sedentary jobs did not specify sit-stand options in the *DOT*, recent vocational surveys indicate to him that they do have a sit-stand option (with an erosion factor of 50%). (Tr. 724.) Plaintiff asserts that *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007), requires that the ALJ must independently resolve any conflict between the *DOT*

and the testimony of the vocational consultant (Doc. # 25 at 12). This misrepresents *Massachi*, which follows SSR 00-4p in instructing ALJ's to obtain *from* the vocational expert a reasonable explanation for any apparent conflict between their testimony and the *DOT*. 486 F.3d at 1153. The ALJ did precisely that—noting the apparent conflict and obtaining an explanation—prior to crediting the vocational expert's testimony. (Tr. 724.) Therefore, the Court finds that the ALJ properly relied on the vocational expert and will not reverse the denial of benefits on this ground.

**III.    Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Defendant's denial of social security disability benefits is AFFIRMED.

DATED this 8th day of October, 2009.

_____
James A. Teilborg
United States District Judge